## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PRESTON TAYLOR TIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-1242-EFM-GEB |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| KATHIE SIMMONS, and SHAWN WHIRE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the Court on two motions: Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3, *sealed*); and Plaintiff's Motion for Appointment of Counsel (ECF No. 4). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (**ECF No. 3**) and **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**).

## I.    Background

Plaintiff Preston Taylor Timmons, proceeding pro se, brings this action against the United States Postal Service ("USPS"); USPS employee, Katherine (Kathie) Simmons, Customer Services Manager, and Shawn Whire, who is largely unidentified in Plaintiff's allegations. Plaintiff claims he was discriminated against by his former employer, USPS, on the basis of his mental disability after he was terminated during his probation period and then not rehired. (ECF No. 1 at 4, 14.) In support of his allegations, Plaintiff provides

copies of various documents received after he filed a formal complaint with the USPS EEO office, EEO Case No. 4J-30-0139-21 (ECF No. 1 at 6-14).

## II.    *In Forma Pauperis* **Motion (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's description of his financial resources (ECF No. 3, *sealed*), his apparent unemployment, and comparison of Plaintiff's listed monthly income to his listed monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3)** is **GRANTED.**

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

**IT IS FURTHER ORDERED** that Plaintiff's deadline for service of process under Fed. R. Civ. P. 4(m) is extended up to and including January 31, 2022. **Service of process shall be undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).**

## III.    Motion to Appoint Counsel (ECF No. 4)

For parties who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[5] But there is no constitutional right to counsel in a civil action.[6] In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[7]

In *Castner v. Colorado Springs Cablevision*,[8] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[9] but consideration of the Court's growing docket, the increase in pro se

---

[5] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

[6] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

[7] *Jackson*, 2014 WL 494789, at *1.

[8] *Castner*, 979 F.2d 1417.

[9] *Castner*, 979 F.2d at 1421.

filings, and the limited number of attorneys willing to accept appointment is also paramount.[10]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff at this time. He satisfies the first prong of the *Castner* analysis—his inability to afford counsel—through his financial affidavit provided with his motion to proceed *in forma pauperis*, granted above. However, the remainder of the *Castner* prongs are not satisfied. Plaintiff has not convinced the Court of his diligence in searching for counsel. This Court's form "Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel" makes clear that the Court typically requires a plaintiff to discuss his or her case with at least five attorneys before seeking court-ordered representation. (*See* ECF No. 4.) However, this section of Plaintiff's motion is entirely blank.

At this stage, the Court is also unable to fully evaluate the merits of Plaintiff's claims given the information presented in his Complaint. He presents no allegations regarding the alleged actions of named Defendant Shawn Whire, and the Court has questions regarding the timeliness of his Complaint.[11]

---

[10] *Jackson,* 2014 WL 494789, at *3.

[11] *See, e.g.,* ECF No. 1 at 14. A letter to Plaintiff from USPS EEO states, "Records disclosed that you did not contact EEO for counseling on this complaint until June 16, 2021, and, according to your claim, your first issue was April 26, 2019, which is more than 45 days prior to your date of contact. Please be advised that if you file a formal complaint on these issues, all or a portion may be dismissed as being untimely in accordance with 29 C.F.R. § 1614,107(b). EEOC regulations state that the Agency shall dismiss a complaint or a portion of a complaint that fails to comply with the applicable time limits for filing a request for counseling. Specifically, 29 C.F.R. § 1614,105 (9) (1) states, "an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." However, rather than recommend dismissal at this juncture, the court opts to allow Defendants to submit any dispositive motions as they deem appropriate.

Additionally, Plaintiff's employment case does not appear unusually complex. He has demonstrated no reason why he is unable to adequately present the case on his own. Although he suggests he suffers from Asperger's Syndrome (ECF No. 1 at 3), and his handwriting is difficult to read, at this juncture Plaintiff's written pleadings are organized and coherent.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[12] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[13] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[14]

Under the circumstances presented, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to Plaintiff filing a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED** without prejudice.

---

[12] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).

[13] *Id.* (citing *Ficken,* 146 F.3d at 981).

[14] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 1st day of December, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge