#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PRESTON TAYLOR TIMMONS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 21-1242-EFM-GEB |
| ) | |
| **UNITED STATES POSTAL SERVICE,** ) | |
| **et al.,** ) | |
| **Defendants.** ) | |
| ) | |

### ORDER

This matter is before the Court on Plaintiff's motion to keep witnesses confidential and request a no contact order. (**ECF No. 19**.)

Plaintiff Preston Taylor Timmons, proceeding pro se, filed this action against the United States Postal Service ("USPS") and two USPS employees, Katherine (Kathie) Simmons and Shawn Weimar. Plaintiff claims he was discriminated against by his former employer, USPS, on the basis of his mental disability after he was terminated during his probation period and then not rehired. (ECF No. 1 at 4, 14.)

After the filing of his Complaint, Plaintiff was permitted to proceed without prepayment of the filing fee (Order, ECF No. 7) and the clerk's office proceeded to serve Defendants with the Complaint and summonses. (ECF Nos. 8-12.) All Defendants have sought extensions of their deadline to answer or otherwise respond to the Complaint (*see* Orders, ECF Nos. 15, 18) and such deadline has most recently been extended to April 20, 2022. (Order, ECF No. 21.)

On February 28, 2022, Plaintiff filed a short document containing the following request:

> If possible could I ask the court/Judge to keep witnesses confidential[;] if possible request a non contact order be granted as well.
> . . . Motion to increase demand to $120,000,000.00 and subpoena witnesses: Deborah Cleveland; Alfonso . . .Patricia [illegible] president for testimony about Kath[ie] Simmons.

(ECF No. 19.)

Federal Rule of Civil Procedure 26(d) prohibits a party from seeking discovery (information from each other about the case) from any source before the parties have conferred under Rule 26(f). Generally, after all defendants have been served and file an answer or responsive pleading in a civil action, the U.S. Magistrate Judge issues a preliminary case management order and sets the case for a scheduling conference. This case management order also outlines the deadline for the Rule 26(f) conference. As noted above, because Defendants have yet to respond to the Complaint in this matter, no Rule 26(f) deadline has been established and no requests for discovery may issue. Therefore, Plaintiff's requests to both subpoena witnesses and to keep unknown witnesses confidential is premature at this time.

Plaintiff is also reminded "our Circuit long has recognized a common-law right of access to judicial records."[1] Although there exists a presumption of public access, a party can seek to limit access to judicial records if he or she meets the heavy "burden to establish

---

[1] *M.B. v. Howard*, No. 18-2617-DDC-GEB, 2021 WL 197252, at *1 (D. Kan. Jan. 20, 2021) (citing *United States v. Bacon*, 950 F. 3d 1286, 1292 (10th Cir. 2020); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

a significant interest outweighing the presumption of public access."[2] By only stating his desire to maintain confidentiality in this matter without any factual support for his request, Plaintiff fails to meet his burden to demonstrate why the witnesses in this matter should remain confidential. He also provides no factual or other support for his request for a no contact order, nor does he describe what type of contact he seeks to limit.

Plaintiff is encouraged to review the resources available to self-represented litigants at https://ksd.uscourts.gov/index.php/self-represented-litigants/. Included in these resources is "A Pro Se Guide", which contains information regarding case scheduling, discovery, and other useful tips.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to keep witnesses confidential and request for no contact order (**ECF No. 19**) is **DENIED without prejudice** for the reasons outlined above.

The Clerk shall forward a copy of this order by regular U.S. mail to Plaintiff.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2022, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[2] *Id*. (citing *Mann*, 477 F.3d at 1149) (other internal citations omitted).