# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PRESTON TAYLOR TIMMONS,

*Plaintiff,*

vs.

Case No. 6:21-cv-01242-EFM-GEB

UNITED STATES POSTAL SERVICE, et al.,

*Defendants.*

## MEMORANDUM AND ORDER

Before the Court is the Defendants United States Postal Service, Katherine Simmons, and Shawn Weimar's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Defendants move for summary judgement pursuant to Fed. R. Civ. P. 56. Plaintiff Preston Taylor Timmons brings a claim for disability discrimination against Defendants under the Americans with Disabilities Act ("ADA"). Because the Court lacks subject matter jurisdiction to hear Plaintiff's Complaint, the Defendants' Motion to dismiss for lack of subject matter jurisdiction is granted.

## I.      Factual and Procedural Background

Plaintiff Preston Taylor Timmons, proceeding *pro se*, filed a 41 U.S.C. §§ 12101, *et seq.* Complaint on October 5, 2021.  Plaintiff is a former employee of the United States Postal Service ("USPS").  He alleges that USPS and two USPS supervisors, Katherine Simmons and Shawn Weimar, discriminated against him and wrongfully terminated his employment because of his Asperger's Syndrome, violating the ADA.

Plaintiff's Complaint alleges that Defendants failed to hire him, terminated his employment, failed to promote him, failed to accommodate his disability, retaliated against him, harassed him, and reduced his wages because of his Asperger's Syndrome.  Plaintiff alleged that "Kathy Simmons illegally and knowingly lied about knowledge of my disability I have a witness that overheard the knowledge."  Plaintiff alleges that Defendants denied Plaintiff's request for reasonable accommodation. Plaintiff was issued a notice of the right to file a formal EEO complaint on September 14, 2021. Plaintiff has not completed and filed a formal EEO complaint nor received a Right-to-Sue Letter.

Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on April 19, 2022. In the alternative, Defendants moved for summary judgement on the Plaintiff's claim pursuant to Fed. R. Civ. P. 56.  Plaintiff has not responded.

## II.      Legal Standard

## A.      Standard under Rule 12(b)(1)— Motion to Dismiss for Lack of Subject Matter Jurisdiction.

"Motions to dismiss for lack of subject matter jurisdiction 'generally take on one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter

jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'"[1] When reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true; however, when reviewing a factual attack on the subject matter jurisdiction, a district court is not allowed to "presume the truthfulness of the complaint's factual allegations."[2] When "the jurisdictional question is intertwined with the merits of the case," the district court "is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion."[3]  If the subject matter jurisdiction and the substantive claim of the case are based on the same statute, the jurisdiction question and merits of the case are intertwined.[4]

**B.      Pro Se Litigant**

Plaintiff is a *pro se* litigant.  "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5]  However, the district court is not permitted "to assume the role of advocate for the pro se litigant."[6]  For this reason, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[7]  A plaintiff's *pro se* litigant status "does not excuse the obligation of any litigant

---

[1] *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

[2] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

[3] *Id.* at 1003.

[4] *Id.* at 1003.

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.* at 1110.

[7] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

to comply with the fundamental requirements of the Federal Rules of Civil. . . Procedure."[8]  "*Pro se* litigants are subject to the same rules that govern other litigants."[9]

### III.     Analysis

**A.     The Court Lacks Subject Matter Jurisdiction to Hear Plaintiff's Complaint.**

At the outset, Defendant notes that Plaintiff has named the wrong Defendants.   An aggrieved employee or applicant for employment can commence a civil action for the redress of grievances under the provisions of 42 U.S.C. § 2000e-5, but "the head of the department, agency, or unit, as appropriate, shall be the defendant."[10]  This requirement is well recognized in caselaw; "[i]n a civil action based on allegedly discriminatory employment practices by a federal agency, the only proper party defendant is the head of the agency involved."[11]  In a claim against USPS, the proper defendant is the United States Postmaster General, not the agency itself or individual supervisors.[12]  Still, because Plaintiff proceeds pro se, he is entitled to a liberal construction of his Complaint.[13]  The Court thus presumes he intended to name Postmaster General Louis DeJoy, in his official capacity, as Defendant.

Defendants next argue that the Court lacks subject matter jurisdiction to hear the Plaintiff's claims because the United States is not an employer under the ADA. Title I of the ADA prohibits "covered entities" from discriminating against a qualified individual based on the individual's

---

[8] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[9] *DiCesare v. Stewart*, 12 F.3d 973, 979 (10th Cir. 1993).

[10] 42 U.S.C. § 2000e-16.

[11] *Beth v. Espy*, 854 F. Supp. 735, 738 (D. Kan. 1994).

[12] *Brezovski v. U.S. Postal Serv.*, 905 F.2d 334, 335 (10th Cir. 1990).

[13] *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.").

disability.[14]   The ADA defines "covered entities" as "an employer, employment agency, labor organization, or joint labor-management committee."[15]   The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person . . ."[16]   The ADA specifically provides that "employer" does not include "the United States, a corporation wholly owned by the government of the United States, or an Indian tribe."[17]   Thus, the ADA exempts the United States and any corporations wholly owned by the United States from liability.

Unless waived, "sovereign immunity shields the Federal Government and its agencies from suit."[18]   Without the United States' waiver of sovereign immunity, it is not possible for a court to have subject matter jurisdiction over the case.   "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[19]

The Tenth Circuit confronted a similar issue as our present case in *Atkinson v. O'Neill*.[20] The plaintiff had sued defendants in their official capacities as employees of the Internal Revenue Service ("IRS") and the United States, not in their individual capacities.[21]   "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against

---

[14] 42 U.S.C. § 12112(a).

[15] *Id.* § 12111(2).

[16] *Id.* § 12111(5)(A).

[17] *Id.* § 12111(5)(B)(i).

[18] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

[19] *U.S. v. Mitchell*, 463 U.S. 206, 213 (1983).

[20] 867 F.2d 589 (10th Cir. 1989).

[21] *Id.* at 589-90 (10th Cir. 1989).

the United States."[22]  Because the United States had not waived sovereign immunity and because the plaintiff had sued defendants in their official capacities as employees of the IRS, the Court of Appeals held that summary judgement for lack of subject matter jurisdiction was appropriate.[23]

USPS is "an independent establishment of the executive branch of the Government of the United States."[24]  When Congress passed the Postal Reorganization Act of 1970, the Post Office Department of the United States was transformed into the United States Postal Service—a United States-owned corporation.[25]  USPS is "a corporation wholly owned by the government of the United States."[26]  Therefore, USPS is not a covered entity under the ADA and is not bound by the requirements of the ADA unless the United States has waived sovereign immunity.  In this present case, the United States has not waived sovereign immunity. Therefore, dismissal for lack of subject matter jurisdiction is appropriate.

**B.     A Liberal Construction of Plaintiff's Complaint Would Not Save It.**

Defendant correctly points out that the proper avenue for relief for Plaintiff would be a claim under the Rehabilitation Act.[27]  And there is support for the idea that a liberal construction of Plaintiff's Complaint allows the Court to read it to state a claim under the appropriate statute.[28]

---

[22] *Id.* at 590 (citing *Burgos v. Milton*, 709 F.2d 1, 2 (1st Cir. 1983)).

[23] *Id.*

[24] 39 U.S.C. § 201.

[25] *U.S. Postal Serv. v. Council of Greenburgh Civic Assocs.*, 453 U.S. 114, 122 (1981).

[26] 42 U.S.C. § 12111(5)(B)(i)

[27] *Vidacak v. Potter*, 81 F. App'x 721, 723 (10th Cir. 2003) ("As a USPS employee, § 501 of the Rehabilitation Act is the exclusive remedy for plaintiff's claim of disability discrimination.").

[28] *See* 21 Fed. Proc., L. Ed. § 50:778 ("Also, a pro se complaint filed under the Americans with Disabilities Act (ADA) can be construed as asserting a claim under the Rehabilitation Act where a federal employee claims disability discrimination but asserts the claim under an incorrect, but similar, statute."); *see also Welsh v. Hagler*, 83 F. Supp. 3d 212, 216-17 (D.D.C. 2015) ((the federal employee likely would be granted leave to amend if the complaint was not liberally construed, and the defendant would not be prejudiced by a liberal construction of the complaint).

But even if the Court were to liberally construe Plaintiff's Complaint in this way, it would find that he has failed to exhaust administrative remedies, as required by the Rehabilitation Act.

"Federal employees alleging discrimination or retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies."[29] An aggrieved federal employee must contact "a Counselor within 45 days of the matter alleged to be discriminatory."[30] If the matter is not resolved informally, "the aggrieved person shall be informed in writing by the Counselor. . . of the right to file a discrimination complaint." This notice would inform the aggrieved employee that they have fifteen days to file a formal EEO discrimination complaint.[31] The Plaintiff was issued a notice of right to file a formal EEO complaint on September 14, 2021, yet Plaintiff failed to file a formal EEO discrimination complaint and failed to receive a Right-to-Sue letter. This is grounds for dismissal of Plaintiff's Complaint.[32]

In short, no matter which way the Court turns and no matter the liberal construction given to Plaintiff's Complaint, dismissal is appropriate. The Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is granted.

---

[29] *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020).

[30] 29 C.F.R. § 1614.105(a)(1).

[31] 29 C.F.R. § 1614.105(d).

[32] See *Bryant v. United States Postal Serv.*, No. 17-2244-CM, 2019 WL 2473787, at *3 (D. Kan. June 13, 2019) (dismissing complaint for plaintiff's failure to file a formal complaint and failure to receive a right to sue letter).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 23) is **GRANTED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 13th day of October, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE